Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tommy Howard and Tina Howard,<br><br>Plaintiffs,<br><br>vs.<br><br>Robert James & Associates, Inc.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, (where Plaintiffs reside in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs, Tommy Howard and Tina Howard ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Arizona, County of Pima, and City of Vail.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Robert James & Associates, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with collection of the alleged debt in default, Defendant called Plaintiff's cellular phone on October 19, 2011 at 10:22 A.M., and at such time, left the following message:

> "Notification this is intended Tina or Tom Howard. My name is John Harris, contacting you with Robert James and Associates. Reference to file number 864814. I need to you contact my office immediately. The documentation here does indicate that we have until Friday morning to render a decision on your behalf. My number is 716-362-6189 extension 201. Again 716-362-6189"

12. Plaintiffs had no previous communications with Defendant and did not know who Robert James and Associates was or why it was calling.

13. In its voicemail message of October 19, 2011, Defendant failed to inform Plaintiffs that the communication was from a debt collector.

14. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of October 19, 2011

15. In its voicemail message of October 19, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiffs to communicate with a debt collector.

16. In its voicemail message of October 19, 2011, Defendant further failed to state that said call was for the purposes of obtaining location information.

17. Defendant called Plaintiffs' cellular phone on October 19, 2011 at 10:30 A.M., and at such time, left the following message:

> "This message is intended for Tommy or Tina um Howard. This is John Harris, I'm with Robert James and Associates. [inaudible] contact me as soon as possible. I have a claim pending against you. File number 868814, uh I'm sorry, 864814 the documentation indicates that we have until Friday

> morning to render a decision. However if you contact me back immediately, I can extend you a period of 7 to 10 business days to address any question or concerns you have prior to these proceedings. My number is 716-362-6189 extension 201. Again 716-362-6189, thank you."

18. Plaintiffs had no previous communications with Defendant and did not know who Robert James and Associates was or why it was calling.

19. In its voicemail message of October 19, 2011, Defendant failed to inform Plaintiffs that the communication was from a debt collector.

20. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of October 19, 2011

21. In its voicemail message of October 19, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiffs to communicate with a debt collector.

22. In its voicemail message of October 19, 2011, Defendant further failed to state that said call was for the purposes of obtaining location information.

23. Any person desiring to conduct a debt collection business in Arizona must fulfill the licensing requirements of either § 32 1021 or its out-of-state-collector equivalent, § 32-1024.

24. Debt collectors licensed in Arizona under either provision have a statutory duty to act fairly and honestly toward debtors. Ariz. Rev. Stat. § 32-1051(3).

25. By explicitly requiring all debt collectors to be licensed, and subsequently imposing a duty of fairness upon them, Arizona has placed a high premium on fairness and honest dealing, above and beyond the prohibition in § 1692f of the FDCPA.

26. Defendant is not licensed as a debt collector in the state of Arizona.

27. Defendants violated Arizona's licensing statutes by failing to obtain a license, and further, by failing in its duty to act fairly and honestly under Arizona law, which includes and transcends the general prohibition of unfair and unconscionable means under 15 U.S.C. § 1692f.

28. The Arizona Administrative Code places specific requirements on debt collectors.

29. Licensed debt collectors are required to provide the State with written notification of any changes in the officers, directors, partners, or active manager of the collection agency within ten days. Ariz. Admin. Code § R20-4-1503.

30. Licensed collectors must disclose all of articles of incorporation, bylaws, and organizing documents to the State. Ariz. Admin. Code § R20-4-1506.

31. Licensed collectors must maintain, and make available to the State, all records and maintain trust accounts. Ariz. Admin. Code § R20-4-1504, 1505.

32. By not being licensed by the State of Arizona, Plaintiffs are deprived of their rights as Arizona consumers to have Defendants' qualifications as a collection agency reviewed by state authorities. *Gaetano v. Payco of Wisconsin, Inc.*, 774 F.Supp. 1404, 1414 n. 8 (D.Conn.1990).

33. The Arizona Administrative Code mandates that a licensed collector shall not misrepresent the state of the law to a debtor, send a debtor written material that simulates legal process, or Represent or imply that a debtor is, or may be, subject to

criminal prosecution or arrest because of a failure to pay the debt. Ariz. Admin. Code § R20-4-1508.

34. Licensed collectors cannot threaten to collect fees not legally collectable, threaten to start legal proceeding they don't intend to file suit, inform a debtor that legal proceedings have been started unless, in fact, a lawsuit has been filed against the debtor. Ariz. Admin. Code § R20-4-1509.

35. Licensed collectors cannot harass or use any oppressive tactics, ridicule, disgrace, or humiliated a consumer in an attempt to collect a debt. Nor can they use obscene language or imply that a person is guilty of fraud or any other crime. Ariz. Admin. Code § R20-4-1511.

36. Licensed collectors cannot call during unreasonable hours, disclose the alleged debt to third parties, or coerce third parties to pay the debt. Ariz. Admin. Code § R20-4-1512.

37. By collecting debt within Arizona as an unlicensed collector, Plaintiffs suffer harm because Defendants need not abide by the Arizona Administrative Code requirements.

38. By not obtaining an Arizona license, Defendants are free to lie, threaten, harass, oppress, use obscene language, and use any other means necessary to collect a debt from Plaintiffs.

39. Defendants' Arizona Administrative Code and Arizona State law violations in attempting to collect a debt from Plaintiffs are unfair or unconscionable in violation of Section 1692f of the FDCPA. *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 471 (M.D.La.

1995); *Russey v. Rankin*, 911 F.Supp. 1449, 1459 (D.N.M. 1995); *Kuhn v. Account Control Technology, Inc.*, 865 F.Supp. 1443, 1449-50 (D.Nev. 1994); *Gaetano v. Payco of Wisconsin, Inc.*, 774 F.Supp. 1404, 1414 n. 8 (D.Conn.1990).

40. Defendant's actions constitute conduct highly offensive to a reasonable person.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692(d)(6)**

41. Plaintiffs repeat and re-allege each and every allegation contained above.

42. Defendant violated 15 U.S.C. § 1692(d)(6) by placing a telephone call without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692(d)(6);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(11)**

43. Plaintiffs repeat and re-allege each and every allegation contained above.

44. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

45. Plaintiffs repeat and re-allege each and every allegation contained above.

46. Defendant violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiffs for the purpose of compelling Plaintiffs to communicate with a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. §§ 1692b, 1692c(b)**

47. Plaintiffs repeat and re-allege each and every allegation contained above.

48. In the alternative, Defendant violated 15 U.S.C. §§ 1692b, 1692c(b) when in connection with an attempt to collect an alleged debt from Plaintiffs, Defendant contacted a third party for purposes other than obtaining location information.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. §§ 1692b, 1692c(b);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692e(5)**

49. Plaintiffs repeat and re-allege each and every allegation contained above.

50. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiffs that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI**
**VIOLATION OF 15 U.S.C. § 1692f**

51. Plaintiffs repeat and re-allege each and every allegation contained above.

52. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiffs in connection with an attempt to collect a debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 6th day of April, 2012

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiffs